UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ERIC W. POIRIER,

        Plaintiff,

v.                                                           Case No. 23-cv-1401-bhl

STATE OF WISCONSIN,
MICHAEL GIERACH,
ANGELA THOMPSON,
DR. RAUCH, and
N. BEIER,

        Defendants.

## SCREENING ORDER

Plaintiff Eric Poirier, who is currently serving a state prison sentence at Redgranite Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Poirier's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Poirier has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Poirier has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $197.02. Poirier's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

2

### ALLEGATIONS OF THE COMPLAINT

According to Poirier, on March 17, 2020, all of his top teeth were pulled because he could not stand the pain anymore. Poirier explains that he would not allow the dentist to also pull his bottom teeth because he would not be able to eat. Poirier states that he was in a lot of pain and finally got his top dentures more than a year later, on June 23, 2021. He asserts that he was told his bottom teeth would be fixed, but because of COVID, his dental care was delayed. Dkt. No. 1 at 2-3.

Poirier explains that he was transferred to Redgranite on April 27, 2022 and immediately requested dental care. On August 1, 2022, the dentist, Dr. Rauch, allegedly pulled one of Poirier's teeth and told him the others could be saved, but because of staffing issues Poirier was not seen again until more than a year later, on August 7, 2023. Poirier explains that during that time, he was in significant pain and two more of his teeth broke. According to Poirier, about a week later, on August 14, 2023, Dr. Rauch informed him that his teeth could not be saved, but Poirier refused to consent to having his teeth pulled. Poirier asserts that dental services would rather pull inmates' teeth than fix them. Dkt. No. 1 at 5.

According to Poirier, in June 2023, he filed an inmate complaint, but it was returned to him by institutional complaint examiner N. Beier because she believed he had not first attempted to resolve the issue with health services manager Angela Thompson. Poirier resubmitted his inmate complaint explaining that Thompson had only informed him in response to his concerns that he was on the waiting list. On August 2, 2023, Poirier wrote Thompson a letter explaining to her that he was in a lot of pain, but she only responded that he should continue with the complaint process. Poirier states that on August 12, 2023, he wrote to Warden Michael Gierach about the lack of dental care, but Gierach forwarded the letter to Beier, who instructed him not to use inmate

complaint forms to communicate with the warden. On August 14, 2023, the same day Poirier had his follow-up visit with Dr. Rauch, Beier recommended affirming Poirier's inmate complaint, noting that having to wait seventeen months for routine care is excessive. Poirier asserts that he continues to be in great pain, suffers from headaches, and has difficulty eating. He states that he is not receiving any medication to help with the pain. Dkt. No. 1 at 3-4; Dkt. No. 11 at 23.

THE COURT'S ANALYSIS

To state a claim under the Eighth Amendment, a plaintiff must allege that prison officials intentionally disregarded a known, objectively serious medical condition that posed an excessive risk to the plaintiff's health. *Perez v. Fenoglio*, 792 F.3d 768, 777 (7th Cir. 2015) (citations omitted). "A delay in treatment may show deliberate indifference if it exacerbated [the plaintiff's] injury or unnecessarily prolonged his pain." *Id*. at 777-78. Poirier may proceed on an Eighth Amendment claim against Dr. Rauch based on allegations that he delayed addressing Poirier's tooth pain for more than a year, during which time Poirier experienced great pain and lost two additional teeth. Poirier also states a claim based on allegations that Dr. Rauch opted to pull Poirier's teeth rather than treat them even though he had previously informed Poirier his teeth could be saved. *See Lockett v. Bonson*, 937 F.3d 1016, 1024 (7th Cir. 2019) (explaining that a medical professional's choice to pursue an easier and less efficacious treatment may support a claim of deliberate indifference (citations omitted)).

Poirier also states claims against warden Gierach and health services manager Thompson based on allegations that they failed to intervene when he informed them that he was in great pain and that treatment for his teeth was unreasonably delayed. Drawing all reasonable inferences in Poirier's favor, it appears that Gierach and Thompson were both aware of the significant delays in dental care resulting from inadequate staffing levels, yet they took no action to address those

4

delays. Further development of the record is necessary to determine what responsibility these individuals had for the inadequate staffing levels and whether their efforts (if any) to address the issue were constitutionally adequate.

Poirier does not, however, state a claim against Beier, the institution complaint examiner. According to Poirier, she investigated and affirmed his inmate complaint on August 14, 2023. According to her decision, Poirier had been seen by Dr. Rauch a week earlier and was scheduled for "essential" services. Poirier alleges that he had a follow-up with Dr. Rauch the same day Beier's decision was signed, meaning that she could not have been aware that Dr. Rauch opted to pull rather than treat Poirier's teeth. Given that Beier investigated Poirier's inmate complaint regarding the delay in treatment and ruled in his favor, the Court cannot reasonably infer that she was deliberately indifferent to his condition. *See George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) (holding that ruling on an administrative complaint does not cause or contribute to the violation). Finally, the State of Wisconsin cannot be sued under §1983 because a state is not a "person" for purposes of that statute. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

**IT IS THEREFORE ORDERED** that Poirier's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that N. Beier is **DISMISSED** because Poirier failed to state a claim against her and the State of Wisconsin is **DISMISSED** because it is not a proper party under §1983.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Poirier's complaint and this order

are being electronically sent today to the Wisconsin Department of Justice for service on Michael Gierach, Angela Thompson, and Dr. Rauch.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Michael Gierach, Angela Thompson, and Dr. Rauch shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Poirier shall collect from his institution trust account the $152.98 balance of the filing fee by collecting monthly payments from Poirier's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Poirier is transferred to another institution, the transferring institution shall forward a copy of this Order along with Poirier's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Poirier is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Poirier may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on November 27, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge